DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  jharper@dwt.com
Heather F. Canner (SBN 292837)
  heathercanner@dwt.com
Joseph Elie-Meyers (SBN 325183)
  josepheliemeyers@dwt.com
Katelyn A. Feliciano
  katelynfeliciano@dwt.com
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*FullBeauty Brands, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FULLBEAUTY BRANDS, INC., a Delaware Corporation, d/b/a WWW.AVENUE.COM<br><br>                    Defendant. | Case No. 5:25-CV-01334-KK-SHK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ABITRATION AND STAY THE ACTION, OR IN THE ALTERNATIVE, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: July 31, 2025<br>Time: 9:30 a.m.<br>Courtroom: 3<br><br>Assigned to the Hon. Kenly Kiya Kato<br><br>[*Request for Judicial Notice; Declaration of Heather F. Canner; Declaration of Ryan Williams; and Proposed Order filed concurrently*] |

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, July 31, 2025, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Kenly Kiya Kato of the above-titled Court, located at 470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501, defendant FullBeauty Brands, Inc. (FullBeauty) will and hereby does move this Court for an order compelling plaintiff Annette Cody to arbitrate her claims individually against FullBeauty and staying this case pending completion of arbitration or, in the alternative, dismissing the First Amended Complaint (FAC) filed by Ms. Cody, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), with prejudice.

In making her purchase on FullBeauty's website, avenue.com, Ms. Cody agreed to FullBeauty's Terms of Use. Those Terms of Use include a valid, mandatory arbitration agreement that covers the claims at issue in this case and a class action waiver. FullBeauty respectfully requests that the Court grant the Motion and enter an order compelling Ms. Cody to arbitrate her claims individually and staying this action pending completion of arbitration.

In the alternative, FullBeauty moves to dismiss Ms. Cody's FAC. Ms. Cody asserts two causes of action, for (1) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17501 (FAL); and (2) violation of Consumer Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* (CLRA). The Motion is made on the grounds that Ms. Cody fails to state a claim upon which relief can be granted for either of her claims. The FAC should be dismissed in its entirety with prejudice because Ms. Cody has not met the pleading standard under either Federal Rule of Civil Procedure 8(a) or 9(b) to allege: (1) she relied on the alleged misrepresentation; (2) that the reference prices listed on the avenue.com is not the prevailing market price; or (3) that she is entitled to damages or restitution. In addition, Ms. Cody also lacks standing to pursue claims on behalf of the putative

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  class for products she did not purchase.  Ms. Cody's claim for punitive damages is

2  also insufficiently pled.

3      As detailed in the concurrently filed Declaration of Heather F. Canner,

4  FullBeauty's counsel attempted in good faith, but could not confer with

5  Ms. Cody's counsel pursuant to L.R. 7-3, after Ms. Cody's counsel rescinded a

6  previously agreed-upon extension to respond to the FAC and subsequently failed to

7  cooperate in efforts to schedule a time to meet and confer.

8      This Motion is based upon this Notice of Motion, the attached Memorandum

9  of Points and Authorities, Request for Judicial Notice, Declaration of Heather F.

10  Canner, Declaration of Ryan Williams, and any other evidence or argument which

11  the Court may consider.

12

13  DATED: June 26, 2025                    DAVIS WRIGHT TREMAINE LLP
                                            JACOB M. HARPER
14                                          HEATHER F. CANNER
                                            JOSEPH ELIE-MEYERS
15                                          KATELYN A. FELICIANO

16                                          By:  /s/ *Jacob M. Harper*
17                                               Jacob M. Harper

18                                          Attorneys for Defendant
                                            FULLBEAUTY BRANDS, INC.
19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY, OR IN THE ALTERNATIVE DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................1

II.   FACTUAL ALLEGATIONS .....................................................................3

    **A.**    Ms. Cody Agreed to FullBeauty's Terms. ........................................3

    **B.**    The Terms Require Arbitration of Disputes. .....................................4

    **C.**    Ms. Cody's Allegations in the FAC ..................................................5

    **D.**    This Is One of Ms. Cody's Many Search-and-Sue Lawsuits, Based on a Purchase She Made After Filing Two Other Near-Identical Lawsuits. ...............................................................................5

    **E.**    Procedural History ............................................................................7

III.  MS. CODY'S CLAIMS SHOULD BE COMPELLED TO ARBITRATION. ........................................................................................7

    **A.**    The FAA Governs the Arbitration Agreement Here. .........................8

    **B.**    Both Elements for Enforcement Are Satisfied. .................................8

        1.    A Valid Agreement to Arbitrate Exits. ...................................8

        2.    The Parties Delegated Any Issues Regarding Arbitrability. ..........................................................................11

    **C.**    Even If This Court Were to Decide Arbitrability, the Dispute Falls Within the Scope of the Terms....................................................12

    **D.**    This Action Should Be Stayed Pending Arbitration..........................13

IV.   THE FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND .................................................................................................13

    **A.**    Ms. Cody Fails to State Her Two Claims. .........................................13

        1.    Ms. Cody Has Not And Cannot Allege Reliance....................13

        2.    Ms. Cody Fails to Allege the Reference Price Is Deceptive. .............................................................................16

        3.    Ms. Cody Fails to Allege Damages or Restitution.................17

    **B.**    Ms. Cody Cannot State Claims for Unpurchased Products...............19

    **C.**    Ms. Cody's Claim for Punitive Damages Fails. ...............................21

V.    CONCLUSION .......................................................................................21

i

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Cases**

4
5

*Adist Co. v. Gustin*,
  874 N.E.2d 1018 (Ind. Ct. App. 2007) ................................................................. 9

6
7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 14

8
9

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ........................................................................................... 12

10
11

*Baker v. Experian Info. Sols., Inc.*,
  2024 WL 3082644 (S.D. Ind. Jun. 20, 2024) ...................................................... 9

12
13

*Boardman v. Pac. Seafood Grp.*,
  822 F.3d 1011 (9th Cir. 2016) ............................................................................. 8

14

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir 2015) ...................................................................... 11, 12

15
16

*Browning v. Trans Union LLC*,
  2025 WL 1503973 (S.D. Ind. May 27, 2025) ..................................................... 9

17
18

*Buckland v. Threshold Enters., Ltd.*,
  155 Cal. App. 4th 798 (2007) ............................................................................ 18

19
20

*Byars v. Hot Topic, Inc.*,
  656 F. Supp. 3d 1051 (C.D. Cal. 2023) ....................................................... 1, 5, 6

21
22

*Byars v. Sterling Jewelers, Inc.*,
  2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ................................................. 7, 15

23
24

*Carvalho v. HP, Inc.*,
  2022 WL 2290595 (N.D. Cal. June 24, 2022) ................................................... 16

25

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ......................................................... 14, 15

26
27

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ....................................................................... 8, 12

28

DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Cody v. Bareweb, Inc.*,
  No. 25STCV08356 (L.A. Cnty. Super. Ct. filed Mar. 24, 2025)........................ 6

*Cody v. BBBY Acquisition Co.*,
  No. CVRI2500377 (Riverside Cnty. Super. Ct. filed Jan. 27, 2025).................. 6

*Cody v. Jill Acquisition LLC*,
  No. 25CU013438C (S.D. Cnty. Super. Ct. filed Mar. 14, 2025) ....................... 6

*Cody v. Kong Cap. LLC*,
  No. 25STCV05781 (L.A. Cnty. Super. Ct. filed Mar. 3, 2025).......................... 6

*Cody v. Ring LLC*,
  No. 23-562 (C.D. Cal. filed Feb. 8, 2023)............................................................ 6

*Cody v. Tapestry, Inc.*,
  No. 30-2024-01448563-CU-MT-CXC (Orange Cnty. Super. Ct. filed
  Dec.26, 2024) ...................................................................................................... 6

*Cody v. Title 9 Sports, Inc.*,
  No. 25STCV17567 (L.A. Cnty. Super. Ct. filed June 17, 2025) ....................... 7

*Colgan v. Leatherman Tool Grp., Inc.*,
  135 Cal. App. 4th 663 (2015) ............................................................................ 19

*Cruise v. The Kroger Co.*,
  233 Cal. App. 4th 390 (2015) .............................................................................. 9

*Dupler v. Orbitz LLC*,
  2018 WL 6038309 (C.D. Cal. Jul. 5, 2018) ...................................................... 11

*Duval v. Costco Wholesale Corp.*,
  2023 WL 3852694 (N.D. Cal. June 5, 2023) ....................................................... 8

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ............................................................................. 16

*Evans v. Sleep Number Corp.*,
  2025 WL 1093332 (E.D. Cal. Apr. 11, 2025)............................................... 18, 19

*Fisher v. Eddie Bauer LLC*,
  2019 WL 9467922 (S.D. Cal. Oct. 18, 2019)......................................... 17, 20, 21

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
  97 F.4th 1190 (9th Cir. 2024) ........................................................................... 12

DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991) ........................................................................ 8

*Granfield v. NVIDIA Corp.*,
    2012 WL 2847575 (N.D. Cal. July 11, 2012) ..................................... 20

*Guttmann v. La Tapatia Tortilleria, Inc.*,
    2015 WL 7283024 (N.D. Cal. Nov. 18, 2015) .................................... 14

*Guzman v. Polaris Indus., Inc.*,
    2020 WL 2477684 (C.D. Cal. Feb. 13, 2020) ..................................... 13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    586 U.S. 63 (2019) ...................................................................... 11

*In re POM Wonderful LLC*,
    2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) .................................... 19

*In re Tabacco II Cases*,
    46 Cal. 4th 779 (2015) ................................................................. 18

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (2009) .................................................. 17, 18

*Keebaugh v. Warner Bros. Ent. Inc.*,
    100 F.4th 1005 (9th Cir. 2024) ............................................. 9, 10, 11

*Land v. IU Credit Union*,
    218 N.E.3d 1282 (Ind. 2023) .......................................................... 9

*Larsen v. Trader Joe's Co.*,
    2012 WL 5458396 (C.D. Cal. June 14, 2012) ..................................... 20

*Lee v. Ticketmaster L.L.C.*,
    817 F. App'x 393 (9th Cir. 2020) ................................................... 11

*Licea v. Caraway Home Inc.*,
    655 F. Supp. 3d 954 (C.D. Cal. 2023) ............................................... 6

*Lorentzen v. Kroger Co.*,
    532 F. Supp. 3d 901 (C.D. Cal. 2021) .............................................. 20

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) .............................................. 17

iv

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Martin v. Sephora USA, Inc.*,
   2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023), *R&R adopted*,
   2023 WL 3061957 (E.D. Cal. Apr. 24, 2023) .................................................... 7, 15

*Maynez v. Walmart, Inc.*,
   479 F. Supp (C.D. Cal. 2020) ............................................................................ 11

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................................... 20

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) ............................................................................................. 8

*Moncada v. W. Coast Quartz Corp.*,
   221 Cal. App. 4th 768 (2013) ............................................................................ 18

*Moule v. United Parcel Serv. Co.*,
   2016 WL 3648961 (E.D. Cal. Jul. 7, 2016) ....................................................... 11

*Oberstein v. Live Nation Ent., Inc.*,
   60 F.4th 505 (9th Cir. 2023) ........................................................................ 10, 11

*Oh v. Fresh Bellies, Inc.*,
   2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) ................................................... 19

*Patrick v. Running Warehouse, LLC*,
   93 F.4th 468 (9th Cir. 2024) .................................................................... 9, 10, 11

*People v. Sup. Ct.(J.C. Penney Corp., Inc.)*,
   34 Cal. App. 5th 376 (2019) .............................................................................. 17

*Purcelley v. Ekster Inc.*,
   2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) ............................................... 16, 17

*Resnick v. Hyundai Motor Am., Inc.*,
   2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ............................................. 14, 15

*Rojas-Lozano v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) ............................................................ 17

*Ross v. Shutterfly Lifetouch, LLC*,
   2021 WL 4776666 (N.D. Cal. Oct. 13, 2021) ................................................... 11

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   697 F.3d 777 (9th Cir. 2012) ............................................................................. 14

v

DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

*Scheibe v. Esupplements, LLC*,
    681 F. Supp. 3d 1101 (S.D. Cal. 2023) ............................................... 13, 14

*Serafin v. Balco Props. Ltd., LLC*,
    235 Cal. App. 4th 165 (2015) .................................................................. 9

*Slaten v. Christian Dior, Inc.*,
    2023 WL 3437827 (N.D. Cal. May 12, 2023) ....................................... 20

*Smith v. Spizzirri*,
    601 U.S. 472 (2024) ................................................................................ 13

*Sperling v. DSW Inc.*,
    2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ..................................... 16

*Sperling v. Stein Mart, Inc.*,
    291 F. Supp. 3d 1076 (C.D. Cal. 2018) ................................................. 16

*Stewart v. Electrolux Home Prods., Inc.*,
    2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) ....................................... 14

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
    2014 WL 3705350 (N.D. Cal. July 24, 2014) ....................................... 21

*Xerox Corp. v. Far W. Graphics, Inc.*,
    2004 WL 2271587 (N.D. Cal. Oct. 6, 2004) ......................................... 21

*Zimmerman v. L'Oreal USA, Inc.*,
    2023 WL 4564552 (N.D. Cal. July 17, 2023) ....................................... 20

**Statutes**

9 U.S.C.
    § 2 ............................................................................................................. 8
    § 3 ........................................................................................................... 13

California Business & Professions Code § 17500 ............................................ 5

California Civil Code § 1750 ........................................................................... 5

**Rules**

Federal Rule of Civil Procedure 9(b) ...................................................... 13, 14, 18

vi

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# I.  INTRODUCTION

Plaintiff Annette Cody and her counsel, Scott Ferrell, are—as several judges from this and other districts have determined—serial litigants who together have filed dozens of meritless, carbon-copy consumer class action complaints in this Court and others.  This action is yet another, and one of *seven* nearly identical "deceptive pricing" actions Ms. Cody and Mr. Ferrell recently filed against various online clothing retailers, in which Ms. Cody claims she was deceived by "fictitious" strikethrough pricing that allegedly misled her to believe she was getting a discount on her purchase.  In a twist that goes beyond their standard improper cases, Ms. Cody filed this lawsuit in violation of her arbitration agreement with defendant FullBeauty Brands, Inc. (FullBeauty), to which she agreed when she made the purchase on which she bases her two claims.

Ms. Cody's litigation history provides relevant context here, as it not only explains the defects in her pleadings, but also precludes her from plausibly stating her claims.  This lawsuit is just the latest in a string of over 70 copy-and-paste lawsuits Ms. Cody and Mr. Ferrell have filed, apparently to extract nuisance settlements.  As Judge Bernal observed when dismissing one of Mr. Ferrell's last wave of complaints (there, asserting privacy claims), "the central dynamic in this litigation, underscoring all of the deficiencies in the FAC" is "Scott Ferrell" and his clients, who "are serial litigants bringing numerous 'cookie cutter' lawsuits," with "the goal … to file as many lawsuits as possible in the least amount of time" apparently with the hope defendants will "offer a quick cash settlement."  *See Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060–61 (C.D. Cal. 2023).  Six of their recent cases are near-identical deceptive pricing cases against other companies— including two that pre-date this case, in which she claims she discovered an alleged fictitious reference pricing scheme *before* she even made her purchase from FullBeauty.  But the Court need not reach her pleading defects, as more fundamentally, this case belongs in individual arbitration pursuant to the parties'

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    valid arbitration agreement.

2        Thus, FullBeauty respectfully requests the Court (a) enforce the arbitration

3    agreement, which includes a class waiver, and compel Ms. Cody to individually

4    arbitrate her claims and stay this case; or (b) in the alternative, dismiss the First

5    Amended Complaint (FAC) with prejudice on multiple grounds.

6        ***Arbitration.***  In making her purchase on Fullbeauty's website, Ms. Cody

7    accepted FullBeauty's Terms of Use (Terms), thereby agreeing to individually

8    arbitrate her claims against FullBeauty and to delegate questions of arbitrability to

9    an arbitrator.  To compel arbitration, the Court need only find (1) a valid arbitration

10   agreement exists (2) that encompasses this dispute.  Both are satisfied here.  First,

11   Ms. Cody formed a valid arbitration agreement with FullBeauty through a sign-in

12   wrap agreement.  Second, the agreement broadly covers "any disputes" relating to

13   the website and her purchase—including her two claims premised on her purchase

14   from the website.  The Court should thus compel Ms. Cody's claims to individual

15   arbitration and stay this action pending resolution of the arbitration.

16       ***Dismissal.***  In the alternative, FullBeauty moves to dismiss Ms. Cody's FAC

17   with prejudice because like Ms. Cody and Mr. Ferrell's other boilerplate

18   complaints, here, Ms. Cody does not allege facts to support the most basic elements

19   of her two claims—for violation of the Consumer Legal Remedies Act (CLRA) and

20   False Advertising Law (FAL).

21       *First*, she fails to allege the facts required to show she relied on the

22   challenged reference pricing in making her purchase.  Nor can Ms. Cody plausibly

23   allege such reliance, as in the months *before* her FullBeauty purchase, she filed two

24   lawsuits claiming she was discovered an identical deceptive pricing scheme, and

25   maintains her counsel was "monitor[ing]" the product price on the website.  The

26   CLRA and FAL's reliance requirement is designed to bar such search-and-sue

27   claims.  *Second*, she fails to adequately allege the reference price was not the

28   prevailing market price at the time of her purchase, as required to allege deception

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   for both her claims.  *Third*, Ms. Cody has not and cannot plausibly allege damages

2   or restitution, as she fails to allege the product she purchased is not worth its price.

3   Ms. Cody's claims fail for additional reasons: she cannot bring claims premised on

4   products she did not purchase; and she fails to state her claim for punitive damages.

5       FullBeauty thus respectfully requests the Court compel Ms. Cody to arbitrate

6   her claims individually and stay this action pending arbitration or, in the alternative,

7   dismiss the FAC with prejudice.

8                          **II.    FACTUAL ALLEGATIONS**

9   **A.    Ms. Cody Agreed to FullBeauty's Terms.**

10      On January 31, 2025, Ms. Cody purchased a "V Cut Out Top" from

11  FullBeauty's online retail website www.avenue.com.  FAC ¶ 10.  Ms. Cody brings

12  two claims in this action, both premised on this purchase.  To complete her

13  purchase, Ms. Cody was required to proceed and did proceed through the website's

14  check out process.  Declaration of Ryan Williams (Williams Decl.) ¶¶ 4–5.  To

15  complete her purchase, after entering her payment information on the checkout

16  page, Ms. Cody was presented with, required to read, and then required to click the

17  "Place Order" button, an example of which appears below, *id.* ¶ 7; Ex. B.

18      Immediately above the "Place Order" button, the screen advises in offset text

19  standing out from the background in a different colored font:

20
21                  By placing this order and/or creating an account, you agree to our
                    Terms of Use, Returns Policy and Privacy Policy.

22                  ┌─────────────────────────────────────────────┐
                    │                  **PLACE ORDER**                  │
23                  └─────────────────────────────────────────────┘

24      The blue words "Terms of Use," "Returns Policy," and "Privacy Policy" are

25  hyperlinked to their full text.  *Id.* ¶¶ 7–8.  To complete her purchase, Ms. Cody was

26  required to click, and did click, the "Place Order" button.  *Id.* ¶ 10.  By so clicking

27  the "Place Order" and making her purchase, Ms. Cody agreed to the Terms of Use,

28  including the arbitration agreement contained therein.  *Id.*

─────────────────────────────────

3

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**B.      The Terms Require Arbitration of Disputes.**

The Terms begin with this prominent, all capital warning:  "**PLEASE READ THESE TERMS OF USE CAREFULLY BEFORE USING OUR SERVICES**." Williams Decl. Ex. A at 1.  This heading is followed by an introduction, which states in bolded text: "**Please read these Terms of Use carefully, as they contain important information about limitations of liability and resolution of disputes through arbitration rather than in court**."  *Id.*  The arbitration provision appears under the bolded heading "**DISPUTES AND ARBITRATION AGREEMENT**." *Id.* at 2.  That section again advises "[a]ny dispute or claim relating in any way to the Services, including products or services sold or distributed through our websites …[and] any representations made by us … will be resolved by binding arbitration, rather than in court[.]"  *Id.*

The Terms also require individual arbitration of all disputes, including Ms. Cody's claims here.  The Terms state in all capitalized text: "WE EACH AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, CONSOLIDATED OR REPRESENTED ACTION."  *Id.*

The Federal Arbitration Act (FAA) applies under the Terms.  *Id.* at 3 ("[T]he Federal Arbitration Act and federal arbitration law will apply.").  The Terms also provide for the American Arbitration Association (AAA) to administer the arbitration under the AAA rules.  *Id.*  The AAA Consumer Arbitration Rules and Mediation Procedures Rule 7 states "[t]he arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim."  *See* AAA Consumer Arbitration Rules and Mediation Procedures, *available at* https://www.adr.org/media/yawntdvs/ 2025_consumer_arbitration_rules.pdf (last accessed June 26, 2025).

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**C.      Ms. Cody's Allegations in the FAC.**

Despite agreeing to arbitrate any disputes, Ms. Cody filed this lawsuit on April 1, 2025.  Ms. Cody alleges she purchased the "V Cut Out Top" from the Avenue website, which listed a "reference price" of $59.95 next to the "discounted" price of $9.98.  FAC ¶ 10.  She claims the "'reference' price" is "fabricate[d]" and "allows Defendant to … present the actual price as 'discounted[]' when it is not." *Id.* ¶ 9.  In support, Ms. Cody alleges the product was previously "discounted" to "$19.99."  *Id.* ¶¶ 14–19.  Ms. Cody also alleges that on June 11 and 12, 2025—six months after her purchase—the product was listed on other retailers' websites at prices ranging from $6.99 to $25.99.  *Id.* ¶¶ 24–31.  Each of these cited prices (except one) is nearly *double* what she paid.  Yet, Ms. Cody alleges the product was *not* sold at a "substantial discount" at the $9.95 price she paid.  *Id.* ¶ 34.

Ms. Cody brings two claims: (1) FAL, Cal. Bus. & Prof. Code § 17500; and (2) CLRA, Cal. Civ. Code § 1750.  *Id.* ¶¶ 58–77.  She seeks to represent a class of "persons who purchased one or more … products from [avenue.com] while in California … at a purported discount from a higher reference price."  *Id.* ¶ 50.

**D.      This Is One of Ms. Cody's Many Search-and-Sue Lawsuits, Based on a Purchase She Made After Filing Two Other Near-Identical Lawsuits.**

Ms. Cody and her long-time counsel, Mr. Ferrell, have made a business of filing copy-and-paste lawsuits in an apparent effort to "extract" unwarranted nuisance settlements.  *See Hot Topic*, 656 F. Supp. 3d at 1059–61 ("Scott Ferrell [and his client] are serial litigants bringing numerous 'cookie cutter' lawsuits").

Over the past seven months, Mr. Ferrell has filed over *120* similar "deceptive pricing" cases against various defendants, Canner Decl. Ex. C—at least *seven* of which name Ms. Cody as plaintiff, RJN Exs. 1–6.  In the previous round of class actions, Mr. Ferrell inundated California courts with hundreds of class actions asserting violations of California's Invasion of Privacy Act (CIPA), with Ms. Cody serving as named plaintiff in at least *70* cases in just three years.  Canner Decl. Ex.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

D.  In those actions, Ms. Cody explicitly described herself as a "consumer privacy advocate" and "tester" of websites to check if they purportedly violated CIPA.  *E.g.*, *Cody v. Ring LLC*, No. 23-562 (C.D. Cal. filed Feb. 8, 2023) (ECF No. 1 ¶ 16 & n.3).  Courts, however, became wise to Mr. Ferrell's and his serials plaintiffs' copy-and-paste practices, dismissing in opinions worth excerpting in full here:

> Mr. Ferrell [and his client] are serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various businesses that operate websites. … Mr. Ferrell appears to work with multiple 'tester' plaintiffs to drum up these lawsuits. … [W]hen the goal is to file as many lawsuits as possible in the least amount of time, it is far easier and cheaper to copy and paste a complaint over and over again, and to write the original template in such a way that hardly anything needs to be swapped out. … surely, whatever one's views on the propriety of copying and pasting from boilerplate pleadings, there is a point at which all reasonable people should agree the practice has gone too far.

*Hot Topic*, 656 F. Supp. 3d at 1059–61 (Bernal, J.); *accord Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 964 (C.D. Cal. 2023) (similar).  Apparently approaching the end of the rope for their CIPA cases, Ms. Cody and Mr. Ferrell have pivoted to their new legal theory here: deceptive reference pricing.

Ms. Cody filed two of her seven near-identical deceptive pricing lawsuits prior to this action—in those cases, claiming she discovered this deceptive "fictitious" reference pricing scheme on other websites *before* she made her purchase on FullBeauty's website and was allegedly deceived by the same scheme.[1] *Compare* RJN Exs. 1-6 (Complaints) ¶ 7, *with* Compl. ¶ 7.

---

[1] *Cody v. Tapestry, Inc.*, No. 30-2024-01448563-CU-MT-CXC (Orange Cnty. Super. Ct. filed Dec.26, 2024); *Cody v. BBBY Acquisition Co.*, No. CVRI2500377 (Riverside Cnty. Super. Ct. filed Jan. 27, 2025); *Cody v. Kong Cap. LLC*, No. 25STCV05781 (L.A. Cnty. Super. Ct. filed Mar. 3, 2025); *Cody v. Jill Acquisition LLC*, No. 25CU013438C (S.D. Cnty. Super. Ct. filed Mar. 14, 2025); *Cody v. Bareweb, Inc.*, No. 25STCV08356 (L.A. Cnty. Super. Ct. filed Mar. 24, 2025);

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,
OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    Courts have advised Mr. Ferrell that his plaintiffs' status as serial litigants

2    (like Ms. Cody) undermine the plausibility of their claims: "the undisputed fact that

3    she filed numerous similar lawsuits before visiting Defendant's website casts doubt

4    on any suggestion that she was surprised by surreptitious recording of her

5    information … To the contrary, it appears … that Plaintiff visited Defendant's

6    website looking for chat features that would track her conversations so that she

7    could allege statutory violations." *Byars v. Sterling Jewelers, Inc.*, 2023 WL

8    2996686, at *3 n.4 (C.D. Cal. Apr. 5, 2023); *accord Martin v. Sephora USA, Inc.*,

9    2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023), *R&R adopted*, 2023 WL

10    3061957 (E.D. Cal. Apr. 24, 2023) ("observations of this fact [were] not irrelevant

11    to the Court's plausibility analysis").  Mr. Ferrell continues with this new wave of

12    class actions.

13    **E.    Procedural History**

14    FullBeauty removed this case to federal court on May 27 (Dkt. 1) and filed a

15    motion to dismiss the complaint on June 3 (Dkt. 11).  Ms. Cody filed the FAC on

16    June 12 (Dkt. 14), mooting the motion to dismiss (Dkt. 14).  The FAC adds to her

17    cut-and-paste complaint a handful of allegations attempting, but failing, to address a

18    few of the many deficiencies FullBeauty raised in its original motion to dismiss.

19    *E.g.*, FAC ¶¶ 70–74.  Ms. Cody also added class action allegations.  *Id.* ¶¶ 58–63.

20                **III.    MS. CODY'S CLAIMS SHOULD BE COMPELLED TO**

21                                           **ARBITRATION.**

22    Ms. Cody's claims should be compelled to arbitration pursuant to the parties'

23    arbitration agreement, including the valid delegation clause, and this action stayed.

24

25

26

27    _____

28    *Cody v. Title 9 Sports, Inc.*, No. 25STCV17567 (L.A. Cnty. Super. Ct. filed June 17, 2025).

_____                                         **DAVIS WRIGHT TREMAINE** LLP
                                                  7                350 SOUTH GRAND AVENUE, 27TH FLOOR
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,          LOS ANGELES, CALIFORNIA 90071
OR IN THE ALTERNATIVE, DISMISS FAC                                      (213) 633-6800
                                                                  Fax: (213) 633-6899

**A.    The FAA Governs the Arbitration Agreement Here.**

The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements" and "to place arbitration agreements upon the same footing as other contracts."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  An "emphatic federal policy . . . favor[s] . . . arbitral dispute resolution."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

The FAA applies to contracts, like the one here, for goods sold on "a virtual marketplace[,]" *see Duval v. Costco Wholesale Corp.*, 2023 WL 3852694, at *1–2 (N.D. Cal. June 5, 2023) (collecting cases).  The parties' contract provides federal arbitration law applies.  Williams Decl. Ex. A at 3.  "The court's role under the [FAA] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  When both elements exist, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration" on the issues they have agreed to arbitrate.  *Id.*

Both elements are satisfied, and Ms. Cody must arbitrate her claims.

**B.    Both Elements for Enforcement Are Satisfied.**

**1.    A Valid Agreement to Arbitrate Exits.**

First, a valid agreement to arbitrate exists.

In determining whether the parties have agreed to arbitrate, courts look to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration."  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1018 (9th Cir. 2016).  Under such principles, "*the threshold question ... is whether*

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   *there is an agreement to arbitrate*." *Cruise v. The Kroger Co.*, 233 Cal. App. 4th

2   390, 396 (2015); *accord Serafin v. Balco Props. Ltd., LLC*, 235 Cal. App. 4th 165,

3   173 (2015) (general principles of contract law determine whether there is a valid

4   arbitration agreement).[2]

5        The Terms here constitute "sign in wrap" online agreement whereby

6   Ms. Cody, to complete a transaction, must click a button adjacent to language

7   advising her that, by continuing, she accepted the hyperlinked terms. *See Patrick v.*

8   *Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024) (terms hyperlinked

9   next to order button); *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1011

10   (9th Cir. 2024) (terms hyperlinked below "Play" button and language "that by

11   pressing the Play button, [users] agree to the Terms of Service"). FullBeauty offers,

12   and Ms. Cody consented to, such an agreement.

13        These types of click-to-agree agreements are enforceable when they give

14   "inquiry notice." *Keebaugh*, 100 F.4th at 1014. To give such notice, (1) "the

15   website [must] provide[] reasonably conspicuous notice of the terms to which the

16   consumer will be bound," and (2) "the consumer [must] take[] some action, such as

17   clicking a button or checking a box, that unambiguously manifests his or her assent

18

19

---

20   [2] The Terms contain a choice-of-law clause selecting Indiana law, but California

21   applies the same standard as Indiana for online contract formation. *See Land v. IU Credit Union*, 218 N.E.3d 1282, 1288 (Ind. 2023) (applying a reasonableness

22   standard to whether parties agreed to arbitration agreement); *Adist Co. v. Gustin*,

23   874 N.E.2d 1018, 1023 (Ind. Ct. App. 2007) ("To determine whether a clickwrap agreement is enforceable, courts presented with the issue apply traditional

24   principles of contract law and focus on whether the plaintiffs had reasonable notice of and manifested assent to the clickwrap agreement[.]"). Thus, the outcome is the

25   same regardless of which law applies. *Baker v. Experian Info. Sols., Inc.*, 2024 WL

26   3082644, at *2 (S.D. Ind. Jun. 20, 2024) (assent and binding contract where plaintiff accepted terms of use in sign in wrap agreement by clicking "create my

27   account"); *Browning v. Trans Union LLC*, 2025 WL 1503973, at *3 (S.D. Ind. May

28   27, 2025) (assent and binding contract where plaintiffs clicked "Create Your Account" or "Submit Secure Order" after hyperlinked terms).

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,
OR IN THE ALTERNATIVE, DISMISS FAC

1  to those terms." *Id.*  In other words, the website must give reasonably conspicuous

2  notice, and the user must unambiguously manifest assent.  *E.g.*, *Patrick*, 93 F.4th at

3  474, 477 (clicking a "Place Order" button unambiguously manifested assent

4  because website had statement, "By submitting your order you . . . agree to our

5  privacy policy and terms of use"); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505,

6  517 (9th Cir. 2023) (finding reasonably conspicuous notice and unambiguous

7  manifestation of assent in substantially identical circumstances).

8       FullBeauty and Ms. Cody easily satisfy both requirements.

9       ***Reasonably Conspicuous Notice.***  First, in making her January 31, 2025

10  purchase on avenue.com, FullBeauty provided and Ms. Cody received reasonably

11  conspicuous notice of the Terms.  *See Keebaugh*, 100 F.4th at 1014.  As detailed

12  *supra* Section II.A, directly adjacent to the "Place Order" button, Ms. Cody was

13  informed that by proceeding to place her order, she was accepting the Terms of

14  Use: "By placing an order and/or creating an account, you agree to our **Terms of**

15  **Use**, **Privacy Policy**, and **Returns Policy**."  The words "Terms of Use" are

16  hyperlinked in blue text to allow customers to review the terms' full text.  Williams

17  Decl. ¶¶ 7–8; Ex. B.  FullBeauty's order button and its close-neighboring

18  acknowledgement language are "uncluttered," allowing the notice to standout.  *See*

19  *Patrick*, 93 F.4th at 477.  The acknowledgement language is a different font and

20  color from the purchase button immediately below it, and it is also different from

21  the plain white background.  Williams Decl. ¶ 8; Ex. B.  FullBeauty capitalizes the

22  phrase Terms of Use, calling attention to it, and it "is the same color as other

23  clickable links on the page, suggesting clearly that it is a hyperlink."  *Patrick*, 93

24  F.4th at 477.  Any reasonable user would understand that clicking a hyperlink

25  would take her to the full text of the Terms.  *See id.*

26       ***Unambiguous Manifestation of Assent.***  Second, by clicking, "Place Order,"

27  Ms. Cody unambiguously manifested her assent to the terms.  The notice language

28  and execution button leave no doubt.  The Ninth Circuit has repeatedly endorsed

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,
OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

similar sign-in wrap agreements.  *See*, *e.g.*, *Patrick*, 93 F.4th at 477 (website "includes explicit notice on the final order review page, directly … below the button [plaintiff] tapped to complete his purchase."); *Oberstein*, 60 F.4th at 515–16 (affirming finding of assent where user clicked "Place Order" button, directly above which is language stating:  'By continuing past this page and clicking "Place Order", you agree to our Terms of Use'"); *Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 394–95 (9th Cir. 2020) (similar); *Keebaugh*, 100 F.4th at 1014, 1020 (sign-in wrap stating "By tapping 'Play,' I agree to the Terms of Service").[3]

In short, Ms. Cody "was provided with notice of the [Terms] at the time of her purchase, she was informed that" by placing her order "she would be agreeing to those terms, and she then placed her order, affirmatively consenting to the [Terms] and Arbitration Provision."  *Maynez v. Walmart, Inc.*, 479 F. Supp, 3d 890, 893 (C.D. Cal. 2020).  Ms. Cody formed a valid agreement to arbitrate.

## 2.    The Parties Delegated Any Issues Regarding Arbitrability.

Second, the parties delegated arbitrability issues to the arbitrator.  As such, any arguments Ms. Cody may present as to the arbitration provision's scope, enforceability, or applicability must be decided by the arbitrator, not the Court, as the parties agreed.

"[G]ateway issues" over the validity and enforceability of arbitration provisions "can be expressly delegated to the arbitrator where the parties clearly and unmistakenly" so agree.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir 2015).  In such a situation, "a court may not override the contract," "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*,

---

[3] *Accord Ross v. Shutterfly Lifetouch, LLC*, 2021 WL 4776666 (N.D. Cal. Oct. 13, 2021); *Dupler v. Orbitz LLC*, 2018 WL 6038309, at *1–3 (C.D. Cal. Jul. 5, 2018); *Moule v. United Parcel Serv. Co.*, 2016 WL 3648961, at *4, 12 (E.D. Cal. Jul. 7, 2016).

11

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

586 U.S. 63, 68 (2019).  The Ninth Circuit recognizes an arbitration agreement's "incorporation of the AAA rules"—which itself delegates these gateway issues to the arbitrator—"constitutes clear and unmistakable evidence that contracting parties agreed" to delegate "arbitrability" to the arbitrator.  *See Brennan*, 796 F.3d at 1130; *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1199 (9th Cir. 2024).

FullBeauty's Terms do just that, by stating the arbitration will be governed by AAA's rules, which, in turn, provide "[t]he arbitrator shall have the power to rule his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim of counter claim."  Williams Decl. Ex. A at 3 (AAA rules apply); AAA Consumer Arbitration Rules, R-7; *Fli-Lo*, 97 F.4th at 1198–99 (affirming identical AAA rule delegated arbitrability to arbitrator).

The Court's inquiry therefore ends here, and an order compelling arbitration is warranted.

**C.    Even If This Court Were to Decide Arbitrability, the Dispute Falls Within the Scope of the Terms.**

The Terms encompass Ms. Cody's two claims.

The arbitration agreement applies to "[a]ny dispute or claim relating in any way to the Services, including products or services sold or distributed through [FullBeauty's] website … any representations made by us, and/or your use of our websites[.]"  Williams Decl. Ex. A at 1.  Arbitration provisions that govern, as here, "[a]ny dispute, controversy[,] or claim" reach "broad and far" in scope.  *Chiron Corp.*, 207 F.3d at 1131; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (enforcing arbitration agreement governing "all" disputes).

Here, Ms. Cody's claims plainly "relat[e]" to FullBeauty's "Services, including products… sold or distributed through [FullBeauty's] websites" and "any representations made by [FullBeauty]," Williams Decl. Ex. A at 1, as she specifically challenges the website price representations she allegedly relied upon in

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  making her website purchase.  FAC ¶¶ 10–11.  Ms.  Cody's claims belong in

2  individual arbitration.

3  **D.     This Action Should Be Stayed Pending Arbitration.**

4      Once a court compels arbitration, it "shall … stay the trial of the action until

5  … arbitration has been had."  9 U.S.C. § 3.  "That plain statutory text requires a

6  court to stay the proceeding" pending the arbitration.  *Smith v. Spizzirri*, 601 U.S.

7  472, 476 (2024).  Because Ms. Cody's claims fall within the scope of the parties'

8  arbitration agreement, the Court should stay this action.

9  **IV.     THE FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

10      In the alternative, dismissal is warranted.  (A) Ms. Cody fails to state her

11  FAL and CLRA claims on multiple grounds: she (1) has not alleged, and cannot

12  plausibly allege, the reliance required for her claims; (2) fails to plead the facts

13  necessary to show the reference price was deceptive; and (3) fails to allege

14  entitlement to damages or restitution.  (B) Dismissal is also warranted for

15  Ms. Cody's claims premised on products she did not purchase because she lacks

16  standing to assert those claims.  (C) Ms. Cody's insufficiently pleaded claim for

17  punitive damages is also subject to dismissal.

18  **A.     Ms. Cody Fails to State Her Two Claims.**

19      **1.     Ms. Cody Has Not And Cannot Allege Reliance.**

20      Ms. Cody's claims should be dismissed with prejudice because she does not

21  and cannot allege the reliance required to state both her claims.

22      The FAL and CLRA "have independent requirements for standing, which

23  mandate allegations of actual reliance," *Guzman v. Polaris Indus., Inc.*, 2020 WL

24  2477684, at *3 (C.D. Cal. Feb. 13, 2020), which must not only be plausible but also

25  plead with particularity under Rule 9(b).  *See Scheibe v. Esupplements, LLC*, 681 F.

26  Supp. 3d 1101, 1115–16 (S.D. Cal. 2023) (dismissing UCL claim "for failure to

27  plead reliance with the specificity required by Rule 9(b)").  Absent plausible and

28  particularized allegations that the plaintiff actually relied on the alleged

13

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

1  misrepresentation in making her purchase, the claims are be dismissed. *Stewart v.*

2  *Electrolux Home Prods., Inc.*, 2018 WL 1784273, at *4 (E.D. Cal. Apr. 13, 2018)

3  (dismissing CLRA and FAL claims on this basis); *Guttmann v. La Tapatia*

4  *Tortilleria, Inc.*, 2015 WL 7283024, at *3 (N.D. Cal. Nov. 18, 2015) (same).

5      This reliance requirement—enumerated through Proposition 64—is

6  specifically intended to "curb[] abusive lawsuits by plaintiffs who had not suffered

7  actual harm." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948 (S.D. Cal.

8  2007) (citation omitted). It specifically precludes suing on a "token purchase"

9  where "[a]n attorney … [attempts to] 'create' a client with standing to sue by

10 directing a willing party who was not deceived by the advertising to make a

11 purchase." *Id.* Failure to allege this critical requirement is thus fatal to FAL and

12 CLRA claims. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir.

13 2012) (affirming dismissal of CLRA claim for failure to allege reliance); *Resnick v.*

14 *Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *20 (C.D. Cal. Apr. 13, 2017)

15 (dismissing FAL and CLRA claims where it was "unclear how [plaintiff] could

16 possibly have relied on these [allegedly misleading] representations").

17          **a.    No Plausible or Particularized Allegations of Reliance.**

18     Ms. Cody pleads only conclusory assertions of reliance, which "do not

19 suffice" under the plausibility standard, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

20 ("Threadbare recitals of the elements of a cause of action, supported by mere

21 conclusory statements, do not suffice."), nor under Rule 9(b), *Scheibe*, 681 F. Supp.

22 3d at 1115–16 (generalized reliance allegations insufficient). She alleges only that

23 the "advertising of the Product was a material factor" in her purchase decision, and

24 she "read and relied upon the strike-through reference pricing advertising[.]" FAC

25 ¶ 11. These bare allegations fall short. *Cattie*, 504 F. Supp. 2d at 947 (dismissing

26 for lack of reliance where complaint conclusorily alleged "the advertising resulted

27 in the sale of goods").

28

14

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### b. Ms. Cody's Litigation History Precludes Plausible Reliance.

Beyond her insufficient conclusory allegations, Ms. Cody *cannot* truthfully allege plausible reliance. Ms. Cody admits her long-time counsel "monitored" sale prices on FullBeauty's website in the months *before* she purchased the product. Compl. ¶ 12; *supra* Section II.D (detailing Ms. Cody's 70-plus prior cases with counsel Scott Ferrell). And during that pre-purchase "monitoring" period, Ms. Cody filed two other near-identical lawsuits claiming she had already learned that "reference prices" used in identical alleged pricing schemes were "fake" and "inflated." RJN Ex. 1 at 1 and 4 ¶¶ 10, 12; Ex. 2 at 1 and 4 ¶¶ 10, 12. Ms. Cody—a serial litigant engaged in "search-and-sue" settlement hunting—cannot plausibly allege she was deceived by and purchased a product in reliance upon the website reference price, particularly *after* claiming to uncover and sue for the same alleged deception on two other retail websites, and her counsel allegedly spent months monitoring FullBeauty's website. *Sterling Jewelers*, 2023 WL 2996686, at *3 n.4 ("[T]he undisputed fact that [Mr. Ferrell's plaintiff] filed numerous similar lawsuits before visiting Defendant's website casts doubt on any suggestion that she was surprised by surreptitious recording of her information. To the contrary, it appears … that Plaintiff visited Defendant's website … so that she could allege statutory violations."); *accord Martin*, 2023 WL 2717636, at *8 n.7 (Mr. Ferrell's plaintiff's similar prior lawsuits were "not irrelevant to the Court's plausibility analysis"); *Cattie*, 504 F. Supp 2d at 947 (conclusory allegations of reliance were "a particular concern because … Plaintiff … filed a nationwide lawsuit in four different states a mere eleven days after making her purchase").

In light of these admissions and her judicially noticeable litigation history, Ms. Cody has not and cannot plausibly allege the requisite reliance. *See Resnick*, 2017 WL 1531192, at *20 (dismissing where pleadings precluded reliance). The only plausible conclusion is that her purchase was made to generate a lawsuit, and not the result of any actual reliance on the reference price.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    Both claims should be dismissed with prejudice.

2        **2.    Ms. Cody Fails to Allege the Reference Price Is Deceptive.**

3        Ms. Cody also fails to allege sufficiently alleged the reference price was

4    misleading, as required for both her claims.

5        To state her two claims, Ms. Cody must allege facts showing reasonable

6    consumers "are likely to be deceived" by the challenged reference pricing.  *Ebner v.*

7    *Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (required for CLRA and FAL

8    claims).  Ninth Circuit authority establishes specific requirements for alleging

9    reference pricing is deceptive, which depends on whether the product is

10   "exclusively" sold by the defendant, or a "non-exclusive" product, i.e., sold by

11   other retailers.  *See Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D.

12   Cal. 2018) (collecting cases).  In exclusive cases, the plaintiff must allege the

13   advertised reference price does not reflect a former price at which the exclusive

14   retailer ever sold the product.  *See id.*  In non-exclusive cases, plaintiff must allege

15   *both* that the reference price does not reflect a former price at which the defendant

16   sold it *and* that the challenged reference price "do[es] not accurately reflect

17   prevailing market prices."  *Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *4 (C.D.

18   Cal. Apr. 4, 2024); *Sperling v. DSW Inc.*, 2015 WL 13309476, at *9 (C.D. Cal.

19   Nov. 19, 2015) (similar).  Indeed, if the defendant is not the "exclusive retailer,"

20   then allegations the defendant did not sell the product at the reference price shows

21   "only [that it is] *possible* that the Reference Price is misleading" because "[t]he

22   other possibility, of course, is that the Reference Price is not misleading at all but

23   rather an accurate reflection of what third-party sellers charge for the same or

24   similar goods."  *Purcelley*, 2024 WL 2107710, at *5.

25       Here, Ms. Cody alleges this is a non-exclusive case.  FAC ¶ 23.  She was thus

26   required to allege specific facts showing, *inter alia*, the challenged reference price

27   "do[es] not represent the prevailing market prices for Defendants' products" at the

28   time of her purchase.  *DSW*, 2015 WL 13309476, at *9; *see also Carvalho v. HP,*

16

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   *Inc.*, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (dismissing where

2   complaint did not allege "why" strikethrough prices "do not accurately reflect

3   prevailing market prices").  She failed to do so, offering only the purported price

4   that the product was sold on other retailers' websites on two days (June 11–12,

5   2025) *six months after* her alleged purchase.  FAC ¶¶ 24–31.  In determining the

6   "prevailing market price," however, "[t]he relevant market is the one that exists …

7   *at the time it is published*," i.e., other retailers' pricing at the time of her purchase.

8   *People v. Sup. Ct.(J.C. Penney Corp., Inc.)*, 34 Cal. App. 5th 376, 411 (2019)

9   (interpreting "prevailing market price" in a void-for-vagueness challenge)

10  (emphasis added).  Ms. Cody's purported investigation of the price on two

11  consecutive days, half a year later does not meet her obligation to plead facts

12  showing she conducted a "reasonable investigation" into the market price as it

13  existed at the time of her purchase.  *Purcelley*, 2024 WL 2107710, at *5 (dismissing

14  where plaintiff did not allege a "reasonable investigation" of third-party sellers

15  showed the reference price is misleading); *Fisher v. Eddie Bauer LLC*, 2019 WL

16  9467922, at *5–6 (S.D. Cal. Oct. 18, 2019) (same).

17      Ms. Cody's claims are subject to dismissal for this additional, independent

18  failure to allege the requisite deception.

19      **3.    Ms. Cody Fails to Allege Damages or Restitution.**

20      Ms. Cody also fails to allege entitlement to damages, as required under the

21  CLRA, or for restitution, as required under the FAL.

22          **a.    No Damages Under the CLRA.**

23      "The language of the CLRA allows recovery when a consumer 'suffers

24  damage as a result of' the unlawful practice."  *In re Vioxx Class Cases*, 180 Cal.

25  App. 4th 116, 129 (2009).  Thus, to state a CLRA claim, a plaintiff must adequately

26  plead damages.  *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002–03 (N.D.

27  Cal. 2009); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1115 (N.D. Cal.

28  2016) (dismissing CLRA claim where plaintiff inadequately pled damages).

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    Ms. Cody was required not only to plausibly allege such damages, but also with

2    particularity under Rule 9(b).  *See Moncada v. W. Coast Quartz Corp.*, 221 Cal.

3    App. 4th 768, 766 (2013) (heightened "pleading requirement" applies to "elements

4    of causation and damage").

5         Ms. Cody has not alleged damages, but rather her allegations indicate she

6    suffered *no* damages.  As another court explained in dismissing a similar deceptive

7    pricing CLRA claim, while plaintiff alleges a "deceptive advertising scheme that

8    was intended to induce sales, [p]laintiff has not alleged that the [product] she

9    purchased was not in fact worth what she paid for[.]"  *Evans v. Sleep Number*

10   *Corp.*, 2025 WL 1093332, at *7 (E.D. Cal. Apr. 11, 2025).  While the *Evans*

11   plaintiff "believed she was purchasing a product of a higher value and quality than

12   it allegedly was (*i.e.* an economic harm for standing purposes), [p]lainitff ha[d]

13   pleaded nothing in way that the price she actually paid for the mattress deviated

14   from the market value (*i.e.*, damages)."  *Id.* at *10.  Likewise, Ms. Cody has not

15   alleged the product she purchased was not worth the $9.95 she paid.  To the

16   contrary, Ms. Cody alleges the product was sold on other days and by other retailers

17   for nearly twice the price.  FAC ¶¶ 14–31 (alleging product was sold for prices

18   ranging from $14.99 "on clearance" to $29.98).[4]  Ms. Cody's CLRA claim thus

19   should be dismissed.

20              **b.    No Restitution Under the FAL.**

21        Ms. Cody likewise fails to allege entitlement to restitution under the FAL.

22   *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 819 (2007) (FAL

23   provides for restitution).  Restitution only permits a court to restore money to a

24   plaintiff that the defendant obtained from them by unlawful means, *In re Vioxx*

25   *Class Cases*, 180 Cal. App. 4th at 130, but California restitution law also accounts

26   for the value of what a plaintiff received, *see id.* at 131; *see also In re Tabacco II*

27   _____

28   [4] The one exception is the purported list price on bhfo.com.  *See* FAC ¶ 31.

_____                                                18

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,
OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  *Cases*, 46 Cal. 4th 779, 802 (2015).  Ms. Cody's request for restitution fails because

2  the FAC does not plausibly allege any "measurable amount" of restitution that

3  accounts for *both* the purported amount FullBeauty obtained and the value

4  Ms. Cody received.  *See Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th

5  663, 698 (2015) (to award restitution, plaintiff must provide a "measurable amount"

6  of entitlement).

7       As with damages, Ms. Cody cannot allege entitlement to restitution.  For

8  example, she cannot claim a full refund as she cannot allege the product was

9  completely worthless.  *In re POM Wonderful LLC*, 2014 WL 1225184, at *3 (C.D.

10  Cal. Mar. 25, 2014) (no full refund where plaintiff cannot "plausibly contend that

11  they did not receive any value at all from [d]efendant's products").  Nor would a

12  price premium theory suffice.  *See id.* (price premium theory measures the

13  difference between the price paid versus the market price of the product "but for"

14  the misrepresentation).  Ms. Cody does not allege the market value of the product,

15  but even if the other prices listed in the FAC could measure the market value,

16  Ms. Cody did not pay a "premium price"—she paid less than those prices.

17  Ms. Cody fails to plausibly allege entitlement to restitution.  *Evans*, 2025 WL

18  1093332, at *7 ("[T]he amended complaint, as alleged, does not contain allegations

19  that demonstrate that Plaintiff is entitled to restitution or even a clear theory of how

20  to estimate such restitution.").  Her FAL claim fails on this additional basis.

21  **B.    Ms. Cody Cannot State Claims for Unpurchased Products.**

22       Ms. Cody impermissibly seeks to expand the scope of this litigation from the

23  single item she purchased to all products sold on FullBeauty's website "at a

24  purported discount from a higher reference price."  FAC ¶ 50.  Ms. Cody's claims

25  as to unpurchased products should be dismissed.

26       Many courts in this circuit have recognized that as a matter of law, a putative

27  class representative, like Ms. Cody, lacks standing to pursue claims for products she

28  did not purchase.  *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *4 (C.D. Cal.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Oct. 15, 2024) (dismissing claims for unpurchased products for lack of CLRA statutory standing); *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("when a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing"); *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021) ("[A] plaintiff [] cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise)."); *Larsen v. Trader Joe's Co.*, 2012 WL 5458396, at *5 (C.D. Cal. June 14, 2012) ("[P]laintiffs do not have standing to bring this claim because they did not purchase the Cresent Rolls.").  These cases justify blanket dismissal of Ms. Cody's claims and class allegations based on the broad (and unspecified) unpurchased products for which she purports to sue.

Other courts have found a plaintiff lacks standing to assert claims for unpurchased products unless the advertising for the product purchased is "substantially similar" to the advertising for the unpurchased products.  *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869–870 (N.D. Cal. 2012) (granting motion to dismiss as to products plaintiff did not purchase).  Ms. Cody's claims as to unpurchased products fail under this line of authority too.  She fails to allege the requisite facts that such "substantially similarity" exists across products here. *Zimmerman v. L'Oreal USA, Inc.*, 2023 WL 4564552, at *3 (N.D. Cal. July 17, 2023) ("The Court[] likewise finds that Plaintiff has failed to establish standing for any unidentified unpurchased products.  The Court cannot assess substantial similarity absent images or detailed descriptions of the products' labels."); *Slaten v. Christian Dior, Inc.*, 2023 WL 3437827, at *5 (N.D. Cal. May 12, 2023) (similar).

Further, courts have dismissed such overbroad deceptive pricing claims that, as here, are unsupported by factual allegations.  While Ms. Cody attempts to expand her claims by alleging a purported "deceptive pricing scheme" across FullBeauty's website, FAC ¶ 55, "[t]hese are conclusory allegations, not facts." *Fisher*, 2019

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  WL 9467922, at *5.  As another district court held in *Fisher* when dismissing

2  similar allegations, "[t]he only products that [Ms. Cody] specifies were included in

3  the investigation [is] the [one] item[] [s]he purchased."  *Id.*  But "[t]he fact that

4  [one] product[] remained on sale for at least 90 days does not provide sufficient

5  support for [the] allegation of a fraudulent pricing scheme involving [] all" products

6  sold at discount from a reference price on FullBeauty's website.  *Id.*  Ms. Cody

7  cannot maintain claims premised on unpurchased products because her

8  investigation "falls short of a straight-forward and responsible effort to support

9  [her] broad claims," *id.* at *6, and thus fails to plausibly allege the purported

10  "pricing scheme" exists for every product on FullBeauty's website sold at discount

11  from a reference price.

12       Ms. Cody's claims premised on unpurchased products should thus be

13  dismissed.

14  **C.    Ms. Cody's Claim for Punitive Damages Fails.**

15       Ms. Cody's claim for punitive damages should also be dismissed.  "Under

16  California punitive damages law, a company simply cannot commit willful and

17  malicious conduct—only an individual can.  [Ms. Cody's] failure, then, to include

18  names or titles of *any* individual actor is a fatal defect in its pleading of 'willful and

19  malicious' conduct."  *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,

20  2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) (dismissing punitive damages

21  claim); *see also Xerox Corp. v. Far W. Graphics, Inc.*, 2004 WL 2271587, at *2

22  (N.D. Cal. Oct. 6, 2004) ("[defendant] fails to allege any conduct by an officer,

23  director or managing agent of Xerox sufficient to support the imposition of punitive

24  damages against Xerox.").  Ms. Cody's claim for punitive damages should also be

25  dismissed.

26                    **V.    CONCLUSION**

27       FullBeauty respectfully requests the Court enter an order compelling

28  Ms. Cody to arbitrate her claims individually and staying this action pending

21

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY,
OR IN THE ALTERNATIVE, DISMISS FAC

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1 | resolution of the arbitration.  In the alternative, FullBeauty requests the Court

2 | dismiss the FAC with prejudice.

3 |

4 | DATED: June 26, 2025

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER
JOSEPH ELIE-MEYERS
KATELYN A. FELICIANO

By:  /s/ *Jacob M. Harper*
Jacob M. Harper

Attorneys for Defendant
FULLBEAUTY BRANDS, INC.

## LOCAL RULE 11-6.2 CERTIFICATION

The undersigned, counsel of record for FullBeauty, certifies that this brief contains 6,967 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 26, 2025

By:  /s/ *Jacob M. Harper*
Jacob M. Harper

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY, OR IN THE ALTERNATIVE, DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899