| | |
|---|---|
| 1 | Jacob M. Harper (SBN 259463) |
|   |   *jharper@dwt.com* |
| 2 | Heather F. Canner (SBN 292837) |
|   |   *heathercanner@dwt.com* |
| 3 | Joseph Elie-Meyers (SBN 325183) |
|   |   *josepheliemeyers@dwt.com* |
| 4 | Katelyn A. Feliciano |
|   |   *katelynfeliciano@dwt.com* |
| 5 | DAVIS WRIGHT TREMAINE LLP |
|   | 350 S. Grand Avenue, 27th Floor |
| 6 | Los Angeles, California 90071 |
|   | Telephone: (213) 633-6800 |
| 7 | Fax: (213) 633-6899 |
| 8 | *Attorneys for Defendant* |
|   | *FullBeauty Brands, Inc.* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNETTE CODY, | Case No. 5:25-CV-01334-KK-SHK |
| Plaintiff, | **DEFENDANT FULLBEAUTY BRANDS, INC.'S RESPONSE TO PLAINTIFF ANNETTE CODY'S OBJECTIONS TO DECLARATION OF HEATHER F. CANNER** |
| vs. | |
| FULLBEAUTY BRANDS, INC., a Delaware Corporation, d/b/a WWW.AVENUE.COM | Date: July 31, 2025 |
|  | Time: 9:30 a.m. |
|  | Courtroom: 3 |
| Defendant. | Assigned to the Hon. Kenly Kiya Kato |
|  | [*Reply in Support of Motion; Reply in Support of Request for Judicial Notice; and Supplemental Declaration of Heather F. Canner filed concurrently*] |

DEFENDANT'S RESPONSE TO OBJECTIONS TO DECLARATION OF HEATHER F. CANNER

# RESPONSE TO OBJECTIONS TO DECLARATION OF HEATHER F. CANNER

Defendant FullBeauty Brands, Inc. (FullBeauty) submitted the Declaration of Heather F. Canner (Dkt. 16-1 (Canner Decl.)) in support of its Motion to Compel Arbitration and Stay, Or In The Alternative, Dismiss Plaintiff's First Amended Complaint (FAC) (Dkt. 16 (Mot.)), which: (1) attaches plaintiff Annette Cody's and her counsel's relevant litigation history (Canner Decl. ¶¶ 2–3; *id.*, Exs. C–D); and (2) pursuant to Local Rule 7-3, details defense counsel's extensive efforts to meet and confer with Ms. Cody's attorneys regarding FullBeauty's Motion (*id.* ¶¶ 4–9).

Both of Ms. Cody's objections to this evidence based on "irrelevance" and "unfair prejudice" lack merit. (Dkt. 18-9 (Objs.).) FullBeauty already explained that her prior lawsuits are relevant to her claims in this action, including whether she actually relied upon any representation that the company made in making her website purchase. (Mot. 6, 15.) And details about FullBeauty's conferral efforts are not just relevant, but also required under Local Rule 7-3. As explained below, Ms. Cody otherwise only disagrees with factual characterizations in the declaration, including whether her lawyer demanded substantive litigation concessions in exchange for a previously agreed-upon extension (he did), or whether Ms. Canner called him back to confer (she did), none of which presents a proper evidentiary basis to exclude Ms. Canner's testimony. *Salter v. Wash. Twp. Health Care Dist.*, 260 F. Supp. 2d 919, 924 (N.D. Cal. 2003), *aff'd in part*, 112 F. App'x 557 (9th Cir. 2004) ("[W]hether a declaration, from an opposing party's view, misstates facts … is not a proper basis to exclude it from evidence."). The Court should overrule Ms. Cody's objections.

## RESPONSES TO PLAINTIFF'S OBJECTIONS

### OBJECTION NO. 1

| Statement: Canner Decl. ¶¶ 2–3; *id.*, Exs. C & D. | Grounds for Objection: Irrelevant. Any probative value (which is disputed) is substantially outweighed by a danger |
|---|---|

1

DEFENDANT'S RESPONSE TO OBJECTIONS TO DECLARATION OF HEATHER F. CANNER

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | of unfair prejudice, confusing the issues, and/or wasting time.  Fed. R. Evid. 401(a) and (b), 403. |
|---|---|

**Response to Objection No. 1**

Mr. Ferrell's 128 "reference" or "strikethrough" pricing cases (Canner Decl. ¶ 2, Ex. C) and the 76 cases which Mr. Ferrell has filed on behalf of Ms. Cody (*id.* ¶ 3, Ex. D) are directly relevant to the plausibility of her claims, among other matters.  This testimony should therefore be admitted and considered with FullBeauty's Motion (as also explained in the Request for Judicial Notice (RJN), Dkt. 17).[1]

As FullBeauty's Motion explains—and other courts have confirmed— Ms. Cody's and her counsel's judicially noticeable prior lawsuits are relevant to the plausibility of her claims, particularly whether she relied upon FullBeauty's disputed representation in making her purchase, as opposed to making a purchase to manufacture a claim.  (Mot. 6 (citing *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060–61 (C.D. Cal. 2023) (Bernal, J.) (finding Mr. Ferrell's "virtually identical lawsuits" "relevant to the instant dispute"); *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 964 (C.D. Cal. 2023) (Bernal, J.) (similar)).)  As background, courts have reprimanded Mr. Ferrell for filing "cookie cutter" lawsuits "at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant [and] without the factual specificity necessary to state a claim for relief."  (*Id.* (citing *Byars*, 656 F. Supp. 3d at 1060–61).)  Courts in this district (including judges in the Eastern Division) have not only admonished Mr. Ferrell, but also Ms. Cody, for filing "superficial description[s]" of defendants' "business[es]" and "website[s]" which are "insufficient to render plausible her

---

[1] Ms. Cody's Objection No. 1 to the Canner Declaration is virtually identical to her objections to FullBeauty's RJN.  (*Compare* Dkt. 18-8 at 1–3 *with* Dkt. 18-9 at 1–4.) Thus, FullBeauty's response to Ms. Cody's Objection No. 1 is substantially similar to its concurrently-filed Reply in Support of RJN.

2

DEFENDANT'S RESPONSE TO OBJECTIONS TO DECLARATION OF HEATHER F. CANNER

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

claim that … California consumers … suffered the purported ... violations [she] describes." *Cody v. Boscov's, Inc.*, 2023 WL 6783308, at *2 (C.D. Cal. Aug. 31, 2023) (Sykes, S.) (ordering Ms. Cody to show cause as to why her complaint should not be dismissed); *Cody v. Lacoste USA, Inc.*, 2023 WL 6783899, at *2 (C.D. Cal. Aug. 31, 2023) (Sykes, S.) (same).

Here, too, Ms. Cody's "boilerplate allegations of varying merit" throughout her near-identical price reference complaints are not only relevant to—but also form the "hallmark of"—"abusive … litigation." *See Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022). Ms. Cody cannot plead plausible reliance necessary for her FAL and CLRA claims given two near-identical lawsuits alleging the same deceptive pricing scheme on other websites, which she filed mere days before she made her purported purchase in this action. (Mot. 6–7, 13–15 (citing, e.g., *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948 (S.D. Cal. 2007) (reliance requirement enacted to curtail "abusive lawsuits by plaintiffs who had not suffered actual harm")).) Put another way, Ms. Cody cannot claim she relied on allegedly deceptive pricing after filing two near-identical cases based on the same purported pricing tactic, armed with the knowledge that she can verify the challenged representations by searching former prices online. As FullBeauty's concurrently-filed Reply Brief explains, her own cited cases confirm that a plaintiff cannot be plausibly deceived by a representation once she is "on notice" how to determine whether it is false.

Ms. Cody protests that as a self-proclaimed "tester" plaintiff, her litigation history is irrelevant. (Objs. 3.) But her own cited authorities agree that a "professional plaintiff['s] … status is uniquely relevant to the statutory standing question," as here, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 (9th Cir. 2009) (affirming summary judgment in defendants' favor based on plaintiff's lack of standing), and class certification issues. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724–26 (7th Cir. 2011) (finding class representative

3

DEFENDANT'S RESPONSE TO OBJECTIONS TO
DECLARATION OF HEATHER F. CANNER

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

inadequate because the plaintiff, who filed at least "20 … suits, has engendered doubts about his truthfulness"). As her attorney is aware, "the undisputed fact that [a 'tester' plaintiff] filed numerous similar lawsuits before visiting Defendant's website casts doubt" on her allegations in the present action. *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *1, *3 (C.D. Cal. Apr. 5, 2023) (Blumenfeld, S.) (dismissing one of "at least 100 similar lawsuits" filed by Mr. Ferrell and another "tester" plaintiff based on lack of injury: "Plaintiff visited Defendant's website … so that she could allege statutory violations."). The Court should overrule Ms. Cody's relevance objections to her cases with Mr. Ferrell, as well as his duplicative strikethrough pricing complaints.[2]

**Ruling on Objection No. 1:**              Sustained _____

                                            Overruled _____

**OBJECTION NO. 2**

| Statement: Canner Decl. ¶¶ 4–9. | Grounds for Objection: Irrelevant. Any probative value (which is disputed) is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or wasting time. Fed. R. Evid. 401(a) and (b), 403. |
|---|---|

**Response to Objection No. 2**

Paragraphs 4–9 of Ms. Canner's Declaration, which detail FullBeauty's extensive conferral efforts on its Motion, are not just relevant, but required under Local Rule 7-3. The challenged statements in Ms. Canner's Declaration were properly submitted, authenticated, and Ms. Cody proffers no basis to exclude them. Instead, Ms. Cody asserts only two arguments in support of her objection, neither of which is a proper evidentiary objection. (Objs. 4–14.)

---

[2] As detailed in FullBeauty's concurrently-filed Reply in Support of RJN, Ms. Cody's other legal authorities help *FullBeauty's* position.

*First*, Ms. Cody devotes ten pages of argument to disagreeing with Ms. Canner's description of the parties' conferral efforts, casting aspersions by claiming Ms. Canner's testimony is "manufactured," "inaccurate," "highly misleading," "untrue," "omits" information, speculating and accusing Ms. Canner of intentionally "inconvenien[cing]" Mr. Ferrell and other ill intent,[3] and suggesting she fabricated the June 20, 2025 phone calls (all of which FullBeauty disputes). (Objs. 4–8, 10–14.) As a threshold matter, "whether a declaration, from the opposing party's view, misstates facts pertains to the weight and credibility to be afforded and is not a proper basis to exclude it from evidence." *Salter*, 260 F. Supp. 2d at 924, *aff'd in part*, 112 F. App'x 557. Ms. Cody's purported objections are "not proper evidentiary objections to evidence" and should be overruled on that basis alone. *Sernoffsky v. Novak*, 773 F. Supp. 3d 988, 1000 (S.D. Cal. 2025); *accord Bee v. Walmart Inc.*, 2023 WL 3432194, at *1 (C.D. Cal. Apr. 7, 2023), *aff'd*, 2024 WL 2077499 (9th Cir. May 9, 2024) ("[T]he Court will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented.").

Separately, FullBeauty's concurrently-filed Reply Brief details its good faith efforts to schedule the conferral call. For his part, Mr. Ferrell intervened in ongoing conferral to retract an agreed-upon extension, demanded conferral be only with him (and not his co-counsel who had handled prior conferral calls), refused to respond to requests to schedule a call on at least four occasions, and called defense counsel at random times over their express objections. (Canner Decl. ¶¶ 4–9; Dkt. 18-1 (Ferrell Decl.) ¶¶ 4–26, Exs. 1, 3; Supp. Canner Decl. ¶¶ 3–5 & Exs. E–H.) Although it has no obligation to submit any further evidence of its good faith conferral efforts, FullBeauty also submits Ms. Canner's call records showing she

---

[3] Mr. Ferrell's declaration testimony contains much speculation about FullBeauty's counsel's intent, for which Mr. Ferrell lacks foundation.

5

DEFENDANT'S RESPONSE TO OBJECTIONS TO
DECLARATION OF HEATHER F. CANNER

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

called Mr. Ferrell at least five times on June 20 (Supp. Canner Decl. ¶ 5, Exs. H), which did "not go[] through," as she explained to Mr. Ferrell over email that day (*id.* ¶ 5, Ex. I) and testified in support of FullBeauty's Motion (Canner Decl. ¶ 9). As to Mr. Ferrell's "request[]" that FullBeauty adhere to civility guidelines for a 14-day extension (Obj. 8), Mr. Ferrell demanded that FullBeauty waive its right to raise his and Ms. Cody's relevant litigation history in exchange for the extension to respond to the FAC—which is in fact, a substantive litigation concession, particularly in a putative class action.

*Second*, Ms. Cody misleadingly cites to a magistrate's preliminary discovery order, whose statements regarding discovery sanctions against counsel were overruled by the district court, and in any case is irrelevant. (*Id.* (citing *Hawkins v. Kroger Co.*, 2020 WL 1952832 (S.D. Cal. Apr. 23, 2020), *overruled in part by Hawkins v. Kroger Co.*, 2020 WL 6150040, at *10 (S.D. Cal. Oct. 20, 2020) ("[T]he sanctions … cannot stand.")).) The case does not help Ms. Cody and has no relevance to her action or objections. In fact, FullBeauty's counsel has *never* been sanctioned in any order that actually stood, either in the cases cited by Ms. Cody's counsel or by any other court in any other matter.

The Court should therefore overrule Ms. Cody's objections to Paragraphs 4–9, which are based on Ms. Canner's personal knowledge of FullBeauty's conferral efforts. *See Bengtsson v. Caris MPI, Inc.*, 2022 WL 2764367, at *3 (C.D. Cal. July 13, 2022) (overruling plaintiff's "meritless" objection to defendant's declaration submitted based on his "personal knowledge of the matter."); *Sernoffsky*, 773 F. Supp. 3d at 1000 (same; declarant "does not lack personal knowledge" of the challenged statements and "the focus is on the admissibility of the content, not the form, of this evidence.").

**Ruling on Objection No. 2:**                                Sustained \_\_\_\_\_

                                                              Overruled \_\_\_\_\_

DEFENDANT'S RESPONSE TO OBJECTIONS TO
DECLARATION OF HEATHER F. CANNER

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| DATED: July 17, 2025 | DAVIS WRIGHT TREMAINE LLP<br>JACOB M. HARPER<br>HEATHER F. CANNER<br>JOSEPH ELIE-MEYERS<br>KATELYN A. FELICIANO<br><br>By: /s/ *Jacob M. Harper*<br>      Jacob M. Harper<br><br>Attorneys for Defendant<br>FULLBEAUTY BRANDS, INC. |

DEFENDANT'S RESPONSE TO OBJECTIONS TO
DECLARATION OF HEATHER F. CANNER

7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## LOCAL RULE 11-6.2 CERTIFICATION

The undersigned, counsel of record for FullBeauty, certifies that this filing contains 1,884 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 17, 2025

By: */s/ Jacob M. Harper*
    Jacob M. Harper

8

DEFENDANT'S RESPONSE TO OBJECTIONS TO DECLARATION OF HEATHER F. CANNER

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899